UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BURKE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-06-4533 SBA (EMC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL; FINDING MOOT DEFENDANTS' MOTION TO EXTEND TIME; DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER; AND DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>**(Docket Nos. 17, 20, 21, 22)** |

Currently pending before the Court are four discovery motions: (1) Plaintiffs' motion to compel; (2) Defendants' motion to extend time; (3) Defendants' motion for a protective order; and (4) Defendants' motion for sanctions. Having reviewed the parties' briefs and accompanying submissions, and having considered the oral argument of counsel, the Court hereby finds moot Defendants' motion to extend time and **DENIES** the remaining motions.

## I. DISCUSSION

A.   <u>Plaintiffs' Motion to Compel</u>

Plaintiffs ask the Court to compel Defendant the County of Alameda to produce documents in response to its first set of document requests. The County has provided declarations certifying that no responsive documents exist other than those already produced. *See, e.g.*, O'Connor Decl.;

1  Scheingart Decl.  Plaintiffs have not provided any evidence to the Court indicating that documents
2  are being withheld.  Accordingly, Plaintiffs' motion to compel is denied.

3  B.      Defendants' Motion to Extend Time

4  Defendants' motion to extend time is, in essence, moot.  The Court has already granted the
5  relief requested by setting the hearing on Defendants' discovery motions past the May 31, 2007,
6  deadline for hearing discovery motions.

7  C.      Defendants' Motion for Protective Order

8  Defendants move for a protective order to quash the deposition of Roy Scheingart, a senior
9  deputy district attorney, who prepared a complaint and warrant application for Plaintiff David
10 Burke's arrest.  The main authority on which Defendants rely to support their position is *Doubleday*
11 *v. Ruh*, 149 F.R.D. 601 (E.D. Cal. 1993).  There, the court applied a test established by the Eighth
12 Circuit in determining whether discovery of opposing trial counsel is appropriate.  *See Shelton v.*
13 *American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).  Under *Shelton*, discovery of opposing trial
14 counsel is appropriate when: "(1) no other means exist to obtain the information than to depose
15 opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information
16 is crucial to the preparation of the case."  *Id.* at 1327.

17 As a preliminary matter, it is not clear that the *Shelton* test should be applied in the first
18 instance.  Mr. Scheingart was not trial counsel in the underlying prosecution.  *Cf. Doubleday*, 149
19 F.R.D. at 613-14 (applying *Shelton* test with respect to discovery sought from deputy district
20 attorneys as they were the prosecuting attorneys for the underlying criminal case out of which the
21 civil case under consideration arose).  Mr. Scheingart did not prosecute the underlying criminal case
22 against Mr. Burke.  Rather, he only made the initial decision to prepare a complaint and request a
23 warrant for Mr. Burke's arrest.

24 However, assuming that the *Shelton* test should be applied -- as the complaint prepared by
25 Mr. Scheingart did initiate the criminal case against Mr. Burke -- the Court concludes that the test
26 has been satisfied.  First, the information sought from Mr. Scheingart is relevant.  Mr. Scheingart is
27 a percipient fact witness.  Defendant Mark Foster asked Mr. Scheingart to charge Mr. Burke with
28 sexual abuse and twice presented Mr. Scheingart with information regarding Mr. Burke.  What

1  Defendant Foster and the government knew as might be revealed by Mr. Scheingart's testimony is
2  relevant to Mr. Burke's constitutional claims.  This is not a situation where the facts informing
3  probable cause are undisputed.  *Cf. Sheldon Appel Co. v Albert & Oliker*, 47 Cal. 3d 863, 889
4  (1989).  If Defendant Foster and/or Mr. Scheingart withheld mitigating or exculpatory information
5  from the judge who issued the warrant, as Plaintiff suggests, Plaintiff may have a constitutional
6  claim.  Mr. Scheingart may also have information about practice and policy regarding search
7  warrant applications and the apparent discrepancies in this case regarding issuance of the warrant.
8  Thus, the information is crucial to Plaintiffs' preparation of the case.  The interactions between Mr.
9  Scheingart and Defendant Foster are central to Mr. Burke's contention that there was no probable
10 cause in actuality to support his arrest, and that full information was not presented to the judge.

11      Second, there is nothing to indicate that this information is privileged.  *See Doubleday*, 149
12 F.R.D. at 606 (work produce privilege is inapplicable).

13      Third, there is, in essence, no means to obtain complete information other than to depose Mr.
14 Scheingart.  The district attorney file for Mr. Burke was destroyed in the ordinary course of
15 business.  *See* O'Connor Decl. ¶ 5.  More important, it appears that Mr. Scheingart "do[es] not
16 record [his] thoughts about the cases that [he] charge[s], or about [his] interactions with peace
17 officers who request that [he] charge cases, or cause any other person to do so, in any document,
18 either in paper or electronic form . . . ."  Scheingart Decl. ¶ 8.  Although some information about the
19 interactions between Mr. Scheingart and Mr. Foster can be obtained from Mr. Foster and the few
20 records which were produced, Plaintiffs should not be forced to rely solely on Mr. Foster's account
21 of the meetings since he is a defendant in the case.  Nor should Plaintiffs be forced to rely on
22 documents which do not necessarily reflect completely the conversations between Defendant Foster
23 and Mr. Scheingart.

24      Accordingly, the Court denies Defendants' motion for protective order and shall allow the
25 deposition of Mr. Scheingart to proceed.  Because the incremental burden of deposing Mr.
26 Scheingart on the County's policies and procedures is minimal (which alone might not have
27 warranted the deposition), the Court shall allow Plaintiffs to ask Mr. Scheingart about this subject as
28 well.

D.  Defendants' Motion for Sanctions

Because the Court is denying the motion for a protective order, Defendants' motion for sanctions is also denied.

## II.  CONCLUSION

Defendants' motion to extend time is moot; the three remaining discovery motions are all denied.

For any future discovery dispute, the parties are required to file a joint letter (no longer than two pages), describing the dispute and each party's respective position. Relevant legal authority should be cited, but only necessary exhibits should be appended to the letter. The Court shall thereafter determine whether additional briefing and/or a hearing is necessary. In the joint letter, the parties must also certify that counsel with full and complete discovery authority have met and conferred in good faith. The Court reserves the right to require a meet and confer in the courthouse with lead trial counsel present should disputes continue.

This order disposes of Docket Nos. 17, 20, 21, and 22.

IT IS SO ORDERED.

Dated: June 29, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge