**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BURKE, *et al.*, | No. C-06-4533 SBA (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE PARTIES' LETTERS OF AUGUST 2, 2007** |
| COUNTY OF ALAMEDA, *et al.*, | **(Docket Nos. 46-47)** |
| Defendants. | |

Currently pending before the Court are two discovery disputes as addressed in letters from the parties, dated August 2, 2007. Having considered the parties' letters as well as the oral argument of counsel, the Court hereby rules as follows.

## I. DISCUSSION

A. Deposition of Brittany Farina

Plaintiffs contend that the deposition of Brittany Farina, a minor, should not proceed because the discovery cut-off has already passed and because she was not properly served with a subpoena. The Court rejects both arguments.

First, although the discovery cut-off has passed, there is no dispute that the deposition was originally noticed for a date prior to the cut-off. Moreover, the deposition should have proceeded on July 10, 2007, as noticed, because, for the reasons discussed below, any argument of improper service had been waived by that time. Although Defendants were two days late in moving to compel Brittany's deposition, *see* Civ. L.R. 26-2 (providing that a motion to compel discovery should be filed no more than seven court days after the discovery cut-off), the Court shall not bar the

1  deposition from going forward on that basis since the deposition was noticed prior to the cut-off,
2  Brittany may be an important witness in the case, and Plaintiffs have not demonstrated any prejudice
3  that they would suffer as a result.

4  Second, the Court does, as an initial matter, agree with Plaintiffs that, under California Code
5  of Civil Procedure § 1987, service of a subpoena on a minor requires service on both the parent *and*
6  the minor. *See* Cal. Code Civ. Proc. § 1987 ("If service is to be made on a minor, service shall be
7  made on the minor's parent, guardian, conservator, or similar fiduciary, or if one of those persons
8  cannot be located with reasonable diligence, service shall be made on any person having the care or
9  control of the minor or with whom the minor resides or by whom the minor is employed, and on the
10 minor if the minor is 12 years or age or older.").[1] Although it may be argued that the language of the
11 statute is ambiguous whether service on a minor requires service on both the parent and the minor,
12 or just the parent alone (as Defendants contend), California Code of Civil Procedure § 416.60 --
13 which governs service of a summons and complaint on a minor -- supports the former interpretation.
14 Section 416.60 employs similar language[2] and has a similar purpose, and the Judicial Council
15 Comment for § 416.60 makes clear that service of the summons and complaint is to be made on both
16 the parent and the child.

17 Although, in the instant case, service was not proper under § 1987, the Court shall allow
18 Brittany's deposition to go forward because any argument of improper service was waived. There is
19 no dispute that not only Brittany's mother but also Brittany herself were aware of the subpoena, but
20 no motion to quash was ever filed with the Court. In fact, Defendants did not learn that there would
21 be no attendance at the deposition until an hour before the deposition was scheduled to begin.

22 Accordingly, the Court shall allow Brittany's deposition to proceed. Defendants shall be
23 permitted to renotice the deposition on a date agreeable to both parties and Brittany, with the

---

25 [1] Because both parties agree that § 1987 should guide resolution of the dispute, the Court limits its discussion to § 1987 and does not discuss, *e.g.*, Federal Rule of Civil Procedure 45.

26 [2] Section 416.60 provides: "A summons may be served on a minor by delivering a copy of the
27 summons and of the complaint to his parent, guardian, conservator, or similar fiduciary, or, if no such person can be found with reasonable diligence, to any person having the care or control of such minor
28 or with whom he resides or by whom he is employed, and to the minor if he is at least 12 years of age." Cal. Code Civ. Proc. § 416.60.

1 deposition taking place no later than August 17, 2007.  The Court does not make any prejudgment as
2 to the consequences that would flow should Brittany fail to appear for her deposition.

3 B.  Juvenile Records

4     Plaintiffs argue next that Defendants should not be permitted to make a 827 petition to obtain
5 juvenile court documents because the discovery cut-off has passed.  Although Defendants argue that
6 their petition does not constitute discovery, the Court is not persuaded.  Defendants admit that, in
7 their petition, they represented to the state court that their request for documents was due to the
8 pending litigation and the inadequacy of the discovery responses herein.  The petition in this
9 instance is ancillary to the case at bar, is analogous to a subpoena, and constitute "discovery" for
10 purposes of the case management schedule herein.

11     The "discovery" embodied by the 827 petition was not timely.  The discovery cut-off was
12 July 20, 2007.  Under Local Rule 26-2, the discovery cut-off date is the date by which all written
13 discovery is due.  Under this standard, the 827 petition should have been filed sufficiently in
14 advance of July 20, 2007 in order to satisfy the statutory notice period and provide a reasonable time
15 for state court to rule in advance of the July 20, 2007 date.  Instead, the 827 petition was filed a
16 week *after* the cut-off date.

17     Moreover, Defendants could and should have brought a motion to compel production of
18 documents from Plaintiffs to enforce their Rule 34 request, rather than engage in the indirect
19 discovery by the 827 petition.  It had plenty of opportunity to do so, and could have brought such
20 motion seven (7) court days after discovery cut-off.  Local Rule 26-2.  They failed to do so.  It is
21 now out of time.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

## II. CONCLUSION

For the foregoing reasons, the Court shall allow Defendants to renotice the deposition of Brittany but orders Defendants to withdraw their 827 petition.

This order disposes of Docket Nos. 46 and 47.

IT IS SO ORDERED.

Dated: August 6, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

4