IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BURKE, MELISSA BURKE, CLIFTON FARINA,<br><br>             Plaintiffs,<br><br>       v.<br><br>COUNTY OF ALAMEDA; et al.,<br><br>             Defendants. | No. C 06-04533 SBA<br><br>**ORDER**<br>[Docket No. 122] |

Currently before the Court is plaintiffs' Motion for Leave to File a Motion for Reconsideration [Docket No. 122]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court hereby DENIES the Motion for Leave to File a Motion for Reconsideration.

**BACKGROUND**

Plaintiffs seek leave to file a motion for reconsideration of this Court's Order granting defendants' motion for summary judgment and denying the plaintiffs' motion for summary judgment. Docket No. 116. The Court included a detailed recitation of the facts, as well as the grounds for its ruling, in that Order and will not repeat them here. Plaintiffs state the grounds for their motion as follows:

> In short, the Court *cited* the proper standard for a Motion for Summary Judgment, but completely failed to appropriately apply any of those standards, repeatedly failed to view the evidence in the light most favorable to the Plaintiffs, and failed to draw all reasonable inferences in Plaintiffs' favor. Instead, and throughout the entire ruling, the Court drew inferences in Defendants' favor. The court further failed to apply the proper legal standard for cases of this nature, and failed to properly apply the "scope of the intrusion" analysis, all in contradiction of a significant body of U.S. Supreme Court and 9th Circuit precedent.

Mot. at 1.

## LEGAL STANDARD

Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## ANALYSIS

The gravamen of plaintiffs motion is that the Court erroneously drew inferences in the defendants' favor rather than the plaintiffs'. This, plaintiffs argue, constitutes a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court," thereby warranting reconsideration. Civil L.R. 7-9(b). However, a cursory reading of the motion demonstrates that the real basis of the motion is not the claim that Court has failed to "consider material facts or dispositive legal arguments which were presented to the Court," but instead that the Court came to erroneous conclusions after considering such facts and arguments.

Plaintiffs argue that this Court erroneously concluded that Mr. Burke's angry demeanor, coupled with the fact the he had allegedly twice beaten B.F. since she had returned two days prior, were sufficient grounds for Detective Foster to reasonably believe that Mr. Burke would make good on his promise to "beat her ass." *See* Order at 7. Plaintiffs argue that a trier of fact, drawing "inferences" in plaintiffs' favor might have come to a different conclusion, and therefore this Court should have denied defendants' motion for summary judgment and must reconsider its prior order. *See* Mot. at 6.

This argument is confused on two levels. First, the fact that, in plaintiffs' opinion, a trier of fact might have come to a different conclusion than the Court is not grounds for reconsideration. *See* Local

Rules, 7-9 ("manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court," and not a merely erroneous conclusion after considering such arguments, warrants reconsideration); *see also Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 4108092, *3 (N.D. Cal. 2007) ("a court can consider the 'material facts or dispositive legal arguments' advanced by the parties but still commit 'clear error' in reaching its conclusions after considering those facts and arguments").

Second, a close reading of plaintiffs' motion indicates that their grounds for reconsideration is not simply that a trier of fact might have come to different conclusion about the reasonableness of Detective Foster's belief, *but that another officer in Detective Foster's position might have come to a different conclusion about whether B.F. was in imminent danger. See, e.g.*, Mot. at 6. ("In fact, given the child's rather jaded and deceptive history of behavior, related in the Calico interview, it would be a reasonable inference [on *Foster's* part[1]] that B.F. was lying about just about anything and everything, and that under circumstances like that, the need for a 'reasonable investigation' (i.e. speaking to the parents at least) was ever more important before deciding to violate the parents rights of familial association."). Of course, the question of whether or not a reasonable officer in Foster's position might have come to a *different* conclusion about the truthfulness of B.F.'s statements has no bearing on whether Foster's belief that she was telling the truth was sufficient to support his conclusion that she was in imminent danger. In other words, the fact that two persons in Foster's position might have reasonably disagreed about whether B.F. was in fact in imminent danger has no bearing on the question of whether Foster's belief was, standing alone, reasonable. Plaintiffs' motion wholly misses this point,[2]

---

[1] If what plaintiffs meant by this sentence was that "it would be a reasonable inference [on *the Court's* part] that B.F. was lying about just about anything and everything," as explained below, this simply has no bearing on the *reasonableness* (and not the *correctness*) of *Foster's* belief.

[2] *See also* Mot. at 7 ("The Court seems to find support in the conclusion of an imminent beating only after wholly discarding the statements of B.F. herself that she did not think she would be hit, that her step-father would only 'yell,' and generally express his displeasure, but not hurt anyone, further evincing the Court's manifest failure to properly apply the summary judgment standards."). But the question is not whether the *Court*, viewing these facts, would *reasonably* come to the conclusion that B.F. was in danger; the question is whether *Foster's* belief, in light of these facts, was reasonable. Similarly, the plaintiffs make the same mistake when they argue that "[t]he Court incorrectly infers Foster's statement regarding Mr. Burke angry or impatient demeanor to mean that Mr. Burke was counting the minutes because of his concern that he was about to be discovered as a child molester,

**United States District Court**
For the Northern District of California

and, indeed, plaintiffs make the identical error with respect to the claims against Officer Bartholomew.

Plaintiffs' failure to grasp the basic legal concepts underlying this dispute is also illustrated by their argument that

> the Court wrongly conflates the issues of liability and damages with respect to Plaintiffs' wrongful continued detention cause of action. ("However, as noted above, the Court has determined that no constitutional violation took place, and therefore the plaintiffs suffered no damages. Order 8:11-12). The statement is fundamentally wrong in that Plaintiffs had their child removed from them, which is clearly a constitutional violation, even if the Court concludes qualified immunity applies; and damages from the taking of a child are as clear as damages can be.

This argument evinces a lack of an even remedial understanding of the nature of a claim for violation of due process rights under the Constitution.[3] It is axiomatic that in order for there to be a violation of the Fourteenth Amendment's due process provisions, there must be a violation of due process. However as the Supreme Court stated in similar circumstances:

> due process of law does not require a hearing 'in every conceivable case of government impairment of private interest.. . .(t)he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation' and firmly established that 'what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.

*Stanley v. Illinois*, 405 U.S. 645, 650-651 ( 1972). As the Ninth Circuit put it in *Wallis* "[the] right [for parents and children to live together without governmental interference] is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law *except in an emergency.*" *Wallis v. Spencer,* 202 F.3d 1126, 1136 (9th Cir. 2000) (emphasis added). That is, "Fourteenth Amendment's guarantee" is only that "that parents and children will not be separated by the state without due process of law *except in an*

---

possibly wanting to end the interview so he could 'beat B.F.'s ass.'"). But the question is not whether upon a *de novo* review of the facts the Court might have come to a different conclusion than Foster; it is only whether Foster's conclusion was *reasonable*. The Court explained at length in its Order why there was no triable issue of fact as to whether Foster's belief was reasonable in light of the evidence he possessed at the time. *See* Order at 7.

[3]For the purposes of resolving this motion the Court charitably assumes that plaintiffs' counsel simply failed to grasp these basic legal concepts, and not that counsel has made this motion with a full understanding that it is in fact legally meritless. The latter would, of course, be in violation of Rule 11 and subject plaintiffs' counsel to sanctions.

4

*emergency*;" in other words, there is *no* due process right for parents and children to live together without governmental interference under the Fourteenth Amendment's where there *is* an emergency. As is applicable under *Wallis*, due process does not require a hearing, i.e., a warrant, where the officer "has reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Mabe v. San Bernardino County,* 237 F.3d 1101, 1106 (9th Cir. 2001). Where the officer has reasonable cause for such a belief, there is simply *no due process violation*; it is not, as plaintiffs argue, that a due process violation has taken place but the officer is shielded by qualified immunity; under such circumstances, there is simply no constitutional violation. The failure to grasp this basic concept of Constitutional jurisprudence infects the entirety of plaintiffs' motion for reconsideration, and is in fact representative of the confusions underlying plaintiffs' motion for summary judgment that were ultimately fatal to plaintiffs' claims.

The balance of plaintiffs' arguments are of a similar character, and are ultimately quibbles with the Court's conclusions[4] that provide no grounds for this Court to reconsider its prior order. *See Lawyers Title Ins. Corp. v. Charo's Corp*., 2007 WL 2106235 *1 (D. Hawai'i 2007) ("Mere disagreement with a previous order is an insufficient basis for reconsideration. . . reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.")

## **CONCLUSION**

Accordingly, plaintiffs' Motion for Leave to File a Motion for Reconsideration [Docket No. 122] is DENIED.

IT IS SO ORDERED.

Dated: 3/20/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] *See e.g,* plaintiffs' arguments disagreeing with the Court's conclusions as to the false imprisonment and intentional infliction of emotional distress claims.

5